IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DENNIS D. BEST,**

       Petitioner,

v.
                                            Case No. 1:14-cv-26509

**BART MASTERS, Warden,**

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**BACKGROUND**

On February 24, 2000, the petitioner was convicted in the United States District Court for the Northern District of Indiana of conspiracy to possess crack cocaine with intent to distribute. (ECF No. 12-5 at 2).[1] On July 11, 2000, the petitioner was sentenced to 360-months incarceration based upon his classification as a career offender under the United States Sentencing Guidelines. (ECF No. 8 at 1). Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit ("Seventh

---

[1] *See United States v. Dennis D. Best,* Case No.: 2:99-cr-189-2 (N. D. Ind.) ("Underlying Conviction") at ECF No. 57.

Circuit"), which affirmed the conviction and sentence on June 4, 2001. (*Id.* At 2).

On February 22, 2002, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Indiana, which was denied on April 1, 2003. (Underlying Conviction at ECF No. 122). Petitioner followed this motion first with an appeal; then in 2005 with a second section 2255 motion; a motion for sentence reduction under 18 U.S.C. § 3582(c) in 2008; another appeal; a Rule 60(d)(3) motion in 2010; a third appeal; a second § 3582(c) motion in 2012; a third section 2255 motion in 2012; and a motion for resentencing without the career offender enhancement under Amendment 709 in 2012. (Underlying Conviction at ECF Nos. 125, 136, 150, 155, 166, 177, 194, 196, 201). All of these efforts were unsuccessful.

On October 3, 2014, the petitioner, who is presently incarcerated at the Federal Correctional Institution McDowell in Welch, West Virginia, filed the instant section 2241 petition, asserting that the Indiana District Court erred in sentencing him when it found that a prior felony conviction for possession of cocaine and a prior felony conviction for "dealing in a sawed-off shotgun" constituted predicate felonies for application of the Sentencing Guidelines' career offender provisions. (ECF No. 1). Petitioner relied upon a recent United States Supreme Court decision, *Descamps v. United States,* 133 S.Ct. 2276 (2013)*.* He argued that in *Descamps,* the Supreme Court held that mere possession of a controlled substance failed to qualify as a "serious drug offense" and mere possession of a firearm failed to qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e)(1). Since the ACCA was essentially the same as the Sentencing Guidelines' career offender enhancement, *Descamps* prohibited a district court from using similar felony convictions to sentence a defendant as a career offender.

2

(*Id.* at 3). Consequently, the two convictions used by the petitioner's sentencing court as predicate felonies to enhance his sentence were improperly counted.

On October 17, 2014, the undersigned entered an Order to Show Cause, directing the respondent to file a response to the section 2241 petition. (ECF No. 4). Respondent filed a response on January 14, 2015, asserting that the petitioner was not entitled to the relief sought for several reasons. (ECF No. 8). First, the petitioner's habeas petition was actually a mislabeled Motion to Vacate under 28 U.S.C. § 2255. Since the petitioner had already filed such a motion, he was not entitled to file a successive section 2255 motion until he received permission from the appropriate circuit court, which he had not done. Respondent argued that the savings provisions of section 2255 did not appear to apply to the petitioner's claim, and the petitioner had made no showing that the remedies available under section 2255 were inadequate or ineffective. Second, Respondent pointed out that this court did not have jurisdiction to hear the petitioner's section 2255 motion, as those motions must be heard by the sentencing court; in this case, the Northern District of Indiana. Third, the respondent asserted that to the extent the petitioner claimed he was "actually innocent" of being a career offender, he was required to establish a fundamental defect and miscarriage of justice in order to support habeas relief. Respondent contended that the petitioner had not met this heavy burden. Finally, the respondent argued that the Supreme Court's decision in *Descamps* did not apply retroactively to cases on collateral review, and even if it did, the petitioner was sentenced under the Sentencing Guidelines. Respondent contended that under the Sentencing Guidelines, the petitioner qualified as a career offender based upon his "sawed-off shotgun" conviction and another conviction of his for battery with a deadly weapon, both of which were still clearly considered crimes of violence under the Sentencing Guidelines irrespective of the *Descamps* decision. (*Id.*

3

at 11). Petitioner replied to the respondent's arguments on January 28, 2015, noting that the Supreme Court was currently entertaining re-argument in a case, *Johnson v. United States,* that addressed the difference between merely possessing a firearm and actually using one or threatening to use one. (ECF No. 10 at 5). Petitioner also emphasized that possession of a firearm was not a crime of violence in the Seventh Circuit at the time of his sentencing in 2000; therefore, that conviction should not have been counted as a predicate felony for application of the career offender enhancement. Two days later, the petitioner filed a motion in the Indiana District Court for a reduction of sentence pursuant to Amendment 782 of the Sentencing Guidelines. (Underlying Conviction at ECF No. 217). His motion was denied on June 9, 2015 on the ground that the petitioner was sentenced as a career offender; accordingly, Amendment 782 did not apply. (*Id.* at 218).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered a provision of the ACCA that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable:

> ... by imprisonment for a term exceeding one year ... that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added). The bolded and italicized portion of this definition has come to be known as the Act's "residual clause." In *Johnson*, the Supreme

4

Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether *Johnson* applies retroactively to the sentences of defendants whose convictions had previously become final. *Welch v. United States*, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that *Johnson* changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

## ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of … detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

5

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Clearly, the petitioner's claim is properly reviewed under section 2255, not section 2241, because it involves the imposition, rather than the execution of his sentence. Thus, before considering the petitioner's section 2241 petition on its merits, the court must determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. Using this three-factor analysis, the petitioner does not present claims that fall within the savings clause exception. To begin, the Fourth Circuit has previously determined that section 2241 is not an appropriate vehicle by which a petitioner may "secure resentencing based on the argument that intervening law has changed the classification of [the petitioner's] prior convictions so that a sentencing enhancement no longer applies." *Terry v. Stewart*, No. TDC-15-0841, 2016 WL 1117407,

6

at *3-4 (D. Md. Mar. 31, 2016) (citing *United States v. Surratt*, 797 F. 3d 240, 247 (4th Cir. 2015)). Moreover, one of the "gatekeeping provisions of section 2255 is that a defendant cannot file a second or successive section 2255 motion unless he meets the criteria of section 2255(h), which provides as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > **(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255(h) (Emphasis added).

In light of the Supreme Court's announcement in *Welch* that *Johnson* is a new rule of constitutional law made retroactive to cases on collateral review, the Seventh Circuit recently authorized the United States District Court for the Northern District of Indiana to consider a successive section 2255 motion and, in relevant part, determine whether *Johnson* applies to the career offender provisions of the Sentencing Guidelines.[2] In addition, the majority of circuit courts that have addressed the issue have concluded that *Johnson* provides a basis for authorization of a successive section 2255 motion. *See In Re Hubbard,* _ F.3d _, 2016 WL 3181417, at *4 (4th Cir. Jun. 8, 2016) (citing *In re Robinson,* No. 16–11304–D, _ F.3d _, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (noting that every circuit except the Eleventh has held or assumed *Johnson* applies to the

---

[2] *See Dennis D. Best v. United States,* Case No. 15-2417, at ECF No. 2 (6th Cir. August 5, 2015).

Sentencing Guidelines)). Consequently, petitioner cannot show that section 2255 is inadequate or ineffective to test the legality of his sentence as he now effectively meets the gatekeeping provisions of the statute. For these reasons, the undersigned proposes that the presiding District Judge **FIND** that petitioner must seek relief from his sentencing court pursuant to section 2255.

Given that the petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the court chooses to dismiss the petitioner's claim, then he can institute a new section 2255 action in the Northern District of Indiana. If the court chooses to construe the habeas petition as a section 2255 motion, then the matter will have to be transferred, as this court lacks jurisdiction to hear it. *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008) In either case, any section 2255 motion filed by the petitioner will be a successive motion, requiring him to obtain permission from the Seventh Circuit to pursue his claim in the Indiana District Court.

In the course of considering the benefits of a transfer, the undersigned learned that, on July 6, 2015, the petitioner filed an application with the Seventh Circuit for leave to file a second or successive motion under section 2255 based upon the *Johnson* decision. *See Dennis D. Best v. United States,* Case No. 15-2417, at ECF No. 1 (6th Cir. 2015). On August 5, 2015, the Seventh Circuit granted the motion, authorizing the petitioner to proceed in the District Court. (*Id.* at 2). The District Court has been directed to consider whether the *Johnson* decision applies to the Sentencing Guidelines and, if so, to determine if the petitioner is a career offender under the new rule. (*Id*).

On May 31, 2016, the petitioner, by court-appointed counsel, filed a successive motion to correct sentence under 28 U.S.C. § 2255. (Underlying Conviction at ECF No.

8

227). Given that the claims raised in the petitioner's habeas petition filed herein are now pending in the proper court, there is no reason for this court to do anything other than dismiss the section 2241 action. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has properly filed a successive section 2255 motion in the sentencing court; thereby, obviating the need for this court to construe the petition as a 2255 motion and transfer the action.

### RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DISMISSED,** (ECF No. 1), on the grounds that it is a mislabeled Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and the petitioner has already properly filed a successive section 2255 motion on the same grounds in the United States District Court for the Northern District of Indiana.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

**FILED:** June 15, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge